IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL EUGENE TANN          *

    Plaintiff *pro se*     *

v.                           *     CIVIL NO. GLR-13-1923

MAXIMUS, INC.                *
JAMES GRAETTINGER
JEANNE CARTER                *
NADINE JONES
MR. MCKINNEY                 *
NICOLE RAGIN
                                           *
    Defendants

## **MEMORANDUM**

On July 1, 2013, Michael Eugene Tann ("Plaintiff"), a resident of Maryland, filed a self-represented action alleging that Defendants have violated his procedural due process rights and Maryland law "in the adjudication of his child support case." ECF No. 1. Although the cause of action is difficult to decipher, it appears that the Defendants are a private corporation and its employees, who are contracted with the State of Maryland, to collect child support payments. Plaintiff seemingly claims that Defendants' actions resulted in his arrest for driving on a suspended license and he accuses Defendants of "fraud, forgery, embezzlement, extortion, and non-feasance." Id.

Plaintiff has submitted a Motion to Proceed In Forma Pauperis. ECF No. 3. The Motion shall be granted. The Court, however, finds it appropriate to summarily dismiss the matter for lack of subject matter jurisdiction. Plaintiff files suit against Maximus, Inc. and its employees based in Baltimore, Maryland alleging violations of state and common law torts. This Court, however, is a court of limited original jurisdiction. It does not sit to review every claim related to alleged tortious conduct involving non-federal parties. It only has authority to review such claims filed pursuant to a

1

federal district court's diversity of citizenship jurisdiction. This Complaint, however, does not satisfy diversity of citizenship requirements.

When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. See Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." Stouffer Corp. v. Breckenridge, 859 F.2d 75, 76 (8th Cir. 1988) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). The undersigned observes that both Plaintiff and Defendants are domiciled in Maryland. Thus, Plaintiff's tort Complaint, arising out of his dispute with Defendants' actions regarding his state court child support case, cannot meet federal diversity requirements.

Furthermore, while the action reads as a personal injury-tort claim, the matter involves issues of family law. Indeed, the Complaint is inextricably intertwined with Plaintiff's child support payment issues. See Moore v. Sims, 442 U.S. 415, 435 (1979). Such issues have traditionally been reserved to the state or municipal court systems. Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with regard to child support decrees. See Ankenbrandt v. Richards, 504 U.S. 689, 701-05 (1992).

For the aforementioned reasons, the Complaint shall be dismissed for lack of subject matter jurisdiction. A separate Order follows.

July 31, 2013 /s/
_____
George L. Russell, III
United States District Judge